UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701,<br><br>      Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>      Defendant. | Case No.: _____<br><br>**COMPLAINT<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff Center for Biological Diversity ("the Center") challenges the Defendant U.S. Department of the Interior's ("Interior") ongoing violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, resulting from Interior's failure to timely respond to a request for records concerning the Center's January 19, 2022 "Petition to Reduce the Rate of Oil and Gas Production on Public Lands and Waters to Near Zero by 2035." Specifically, on July 18, 2023, the Center requested from Interior: (1) the records related to [Office of the Secretary's] receipt, distribution, circulation, and consideration of the January 19, 2022 Petition to Reduce the Rate of Oil and Gas Production on Public Lands and Waters to Near Zero by 2035; and (2) the records related to [Office of the Secretary's] June 27, 2023 response to the January 19, 2022 Petition.

2. At the time of the filing of this complaint, over 130 days have passed since the Center submitted its FOIA request to Interior. To date, however, Interior has not provided any requested records.

1

3. Accordingly, the Center challenges Interior's FOIA violations resulting from its failure to respond to the Center's request and seeks declaratory and injunctive relief to require Interior to promptly search for and produce all responsive records without further delay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA. Declaratory and injunctive relief is appropriate under FOIA, 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district and because the responsive records may be found in this district.

## PARTIES

6. Plaintiff Center for Biological Diversity ("the Center") is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 84,000 members. Interior's failure to comply with FOIA impairs the Center's ability to provide full, accurate, and current information to the public on a matter of significant public interest. Absent this information, the Center is hampered in its ability to advance its mission to protect native species and their habitats. The Center and its members are harmed by Interior's ongoing violations of FOIA, which are preventing the Center from gaining a full understanding of Interior's activities, priorities, and decision-making regarding the Center's 2022 Petition to Reduce the Rate of Oil and Gas Production on Public Lands and Waters to Near Zero by 2035.

7. Defendant U.S. Department of the Interior ("Interior") is a federal department whose mission is to protect and manage the Nation's natural resources and cultural heritage; provide scientific and other information about those resources; and honor its trust responsibilities

or special commitments to Native Americans, Alaska Natives, and affiliated Island Communities. Interior is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request.

## STATUTORY BACKGROUND

8. FOIA's basic purpose is government transparency. It establishes the public's right to access federal agency records, with certain narrow exceptions. 5 U.S.C. § 552(b)(1)-(9).

9. Each agency must generally make records promptly available to any person upon a request for records which reasonably describes such records. *Id*. § 552(a)(3)(A).

10. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested the records and must immediately notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

11. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If it provides written notice that it cannot process the request within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative timeframe for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id*. § 552(a)(6)(B)(ii).

12. Unusual circumstances means, to the extent reasonably necessary to the proper processing of the request, the need to search for and collect the requested records from field

facilities or other establishments that are separate from the office processing the request; the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or the need for consultation with another agency having a substantial interest in the determination of the request. *Id*. § 552(a)(6)(B)(iii).

13. FOIA requires each agency to undertake a search for requested records in a manner reasonably calculated to locate all records responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

14. FOIA requires federal agencies to promptly disclose requested records. *Id.* §§ 552(a)(3)(A), 552(a)(6)(C)(i).

15. In certain limited instances, an agency may withhold records under one or more of nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

16. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

18. An agency may only withhold records if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or disclosure is otherwise prohibited by law. *Id*. § 552(a)(8)(A).

**FACTUAL BACKGROUND**

19.     On July 18, 2023, the Center submitted a FOIA request to Interior requesting the following records from January 19, 2022 to the date Interior conducts the search:

1. The records related to [Office of the Secretary's] receipt, distribution, circulation, and consideration of the January 19, 2022 Petition to Reduce the Rate of Oil and Gas Production on Public Lands and Waters to Near Zero by 2035; and
2. The records related to [Office of the Secretary's] June 27, 2023 response to the January 19, 2022 Petition.

20.     On July 18, 2023, the Center received an automated email confirmation from Interior confirming receipt of the Center's FOIA request and assigning the request a tracking number.

21.     On August 23, 2023, the Center sent an email to Interior requesting a status update along with an estimated date of completion for a determination for the FOIA request. That same day, Interior responded to the Center's email, which stated the request was received and that the "current best estimated response date" was November 6.

22.     On August 23, 2023, the Center also received an acknowledgement letter from Interior.  The letter stated that the Center's FOIA request "falls into the 'Normal' processing track for requests that would generally take six to twenty workdays to process."  The letter also stated Interior will be "taking a 10-workday extension" under 43 C.F.R. § 2.19.

23.     On November 6, 2023, the Center sent a letter notifying Interior that it was in violation of FOIA concerning the Center's July 18, 2023 request.  The Center further notified Interior that if the requested records were not produced within 14 days, the Center would pursue litigation to compel production of the records.

24.     On November 10, 2023, Interior sent an email to the Center stating that it had received the November 6 letter, and informing the Center that "we have searches out to

5

program offices." Interior's email further notified the Center that the Solicitor's office would likely also have responsive records.

25. On November 16, 2023, the Center submitted a related FOIA request to Interior's Office of the Solicitor.

26. On November 16, 2023, the Center emailed Interior requesting the expected timeframe for providing the records responsive to the Center's July 18, 2023 request.

27. As of the date of this filing, the Center has received no records from Interior in response to the Center's July 18, 2023, FOIA request. Interior has failed to conduct a timely search for records responsive to the Center's July 18, 2023, FOIA request. Interior's failure to conduct an adequate search and failure to provide all responsive records to the Center undermines FOIA's primary purpose of government transparency.

## CLAIM FOR RELIEF

28. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

29. The Center has a statutory right to have Interior process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). Interior has violated and remains in violation of the Center's rights under FOIA by unlawfully delaying and failing to undertake a search reasonably calculated to locate all records that are responsive to the Center's July 18, 2023, FOIA request. *Id*.

30. Interior violated FOIA, and remains in violation of FOIA, by failing to determine within 20 working days whether to comply with the Center's July 18, 2023, FOIA request, and failing to immediately notify the Center of such determination, the right to seek assistance from the FOIA Public Liaison of the Interior, and the right to appeal. 5

U.S.C. § 552(a)(6)(A).

31.     Interior has violated and remains in violation of FOIA by refusing to promptly disclose the records responsive to the Center's July 8, 2023 FOIA request.  5 U.S.C. § 552.

32.     The Center has a statutory right to the records it seeks and there is no legal basis for Interior to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from the Center.  5 U.S.C. § 552(b)(1)-(9).  To the extent Interior is invoking any of these exemptions, Interior is unlawfully withholding from disclosure records that are responsive to the Center's July 18, 2023 FOIA Request.

33.     The Center has a statutory right to any reasonably segregable portion of a record that may contain information lawfully subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).  Interior is violating the Center's rights in this regard to the extent it is unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's July 18, 2023 FOIA request.

34.     Based on the nature of the Center's organizational activities, the Center will continue to employ FOIA's provisions in record requests to Interior in the foreseeable future.  The Center's organizational activities and interests will be adversely affected if Interior continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

35.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, Interior will continue to violate the Center's right to timely receive public records under FOIA, including the records requested in the Center's July 18, 2023 FOIA request.

**RELIEF REQUESTED**

WHEREFORE, the Center requests that this Court:

A.   Order Interior to promptly conduct searches reasonably calculated to locate all records responsive to the Center's July 18, 2023 FOIA request, utilizing a cut-off date for such searches that is the date the searches are conducted.

B.   Order Interior to provide to the Center, by a date certain, all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

C.   Declare that Interior's failure to timely undertake a search for and provide to the Center all records responsive to the Center's July 18, 2023 FOIA request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552.

D.   Award the Center its litigation costs and reasonable attorney fees. 5 U.S.C. § 552(a)(4)(E).

E.   Grant such other and further relief as the Court may deem just and proper.

DATED:  November 28, 2023              Respectfully submitted,

*/s/ William J. Snape, III*
William J. Snape, III
American University Law School
4300 Nebraska Ave NW,
Washington, DC 20016
Phone: 202-536-9351
Email: wsnape@wcl.american.edu

*Attorney for Plaintiff*
*Center for Biological Diversity*